SPENCER *v.* PENNSYLVANIA R. Co.[1]

(*Circuit Court, E. D. Pennsylvania.* October 10, 1887.)

1. PATENTS FOR INVENTIONS—EXTENT OF CLAIM — LOCOMOTIVE TENDER LOADERS.

The first claim of letters patent No. 99,723, which is as follows: "The herein described method of supplying locomotive tenders with fuel or water, which method consists in using the traction of the moving locomotive, acting through chains, or any proper connection, to raise the buckets, boxes, or other delivering apparatus, so that their contents may be discharged into the tender as substantially set forth," must be construed as a claim for the particular means devised and shown to perform the work therein specified, and not as a broad claim for a method of accomplishing the result, and that the patent is therefore valid.

2. SAME—INFRINGEMENT.

The first claim of letters patent No. 99,723, as above set forth, is infringed by an apparatus made in accordance with the specifications contained in letters patent No. 245,350, granted to John B. Collin, August 9, 1881, and reissued letters patent of December 4, 1883, No. 10,417, for supplying locomotives with coal consisting essentially in the employment of the movement of the engine in connection with the hoisting mechanism for elevating the coal into the proper position to be discharged into the tender.

In Equity. Bill for an infringement of letters patent.

This is a suit brought by Albert H. Spencer against the Pennsylvania Railroad Company, for an infringement of letters patent of the United States, No. 99,723, and bearing date February 8, 1870, granted to the said Albert H. Spencer. Complainant's patent has for its object the utilization of the traction of a moving locomotive to raise suitable coal or water delivery apparatus, so that their contents may be discharged into the tender of said locomotive. The invention relates to the construction of a hoisting apparatus for elevating fuel or water into a locomotive tender, and in having the same so arranged, with relation to the locomotive, that the labor of hoisting shall be accomplished by its tractile power. The fuel car rises in the slides until the proper height has been obtained, and discharges its contents into the tender, which, by this time, will be directly opposite; the length of the hoisting chain being determined in such a manner as to accomplish that object. As the available hoisting power is practically equal to any requirement, any reasonable quantity of fuel or water may be thus elevated. The claim of said patent, upon

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

which complainant asks for relief, which is the first claim in the pat.. ., is as follows:

"(1) The herein described method of supplying locomotive tenders with fuel or water, which method consists in using the traction of the moving locomotive, acting through chains, or any proper connection, to raise the buckets, boxes, or other delivering apparatus, so that their contents may be discharged into the tender, substantially as set forth."

The respondent's apparatus is illustrated and described in letters patent granted to John B. Collin, August 9, 1881, No. 245,350; reissued December 4, 1883, No. 10,417; the claim of which original patent is: "The described method of supplying locomotives with coal, consisting essentially in the employment of the movement of the engine in connection with hoisting mechanism, substantially as described, for elevating the coal into the proper position to be discharged into the tender." The patent also says: .

"This invention is an improved method of supplying locomotives with coal, consisting essentially in the employment of the movement of the locomotive, in connection with proper mechanism for lifting the coal from the ground to the requisite elevation for properly discharging the same into the tender."

And also the following:

"The power of the locomotive is employed in combination with the proper hoisting mechanism for lifting the coal from the ground to the requisite elevation for properly discharging the same into the tender, the engine being so connected to the hoisting mechanism, that, when the same is moved into the proper position to receive the coal, the receptacle carrying the latter will be lifted into the proper position for discharging its contents into the tender."

*George J. & George Harding,* for the complainant.

It is not claimed that an elevating device in itself is the novelty of Spencer's invention, nor that the tractile movement of the locomotive shall lift coal in that elevating device; but the claim is the application of that principle in such manner, through ropes or chains, that when the object which elevates the coal is in the position to receive it, then the lifted coal will be in a position to be discharged into said object which has elevated it. A modification of an elevating apparatus, which changes the relationship of the different elements so as to act in a different manner, and for a different result, cannot be said to be anything but an invention.

*Andrew McCallum,* for respondent.

Confining the issue to the subject-matter of the first claim, the questions to be determined are in a measure dependent upon the construction to be given to it. Defendant contends that the claim is, on its face, void in law; that to be at all valid it must be construed as for the machine or mechanism described; that there is no patentable novelty disclosed, in view of the state of the art; that the device described is inoperative practically; that the apparatus used by defendant does not infringe.

### CONSTRUCTION OF THE CLAIM.

So far as the meaning of the language used is concerned, it would seem to be beyond question that Mr. Spencer has attempted by it to cover a method or mode of supplying locomotive tenders with fuel and water, and not the means or mechanism described, through the operation of which the desired result is accomplished. Complainant's expert, in defining the invention covered by the claim, says: "The essence of the invention, as embodied in claim 1, is

the utilization of the tractile power of a locomotive to deliver to said locomotive in an automatic manner the necessary substances which are to be employed in the development of further power in the locomotive. It is true that the construction shown will automatically discharge its contents, but the inventor is in nowise limited to any such construction." Mr. Chief Justice TANEY, in discussing the principles of patent law in *O'Reilly* v. *Morse*, 15 How. 62.

"Whoever discovers that a certain useful result will be produced in any art, machine, manufacture, or composition of matter, by the use of certain means, is entitled to a patent for it, provided he specifies the means he uses in a manner so full and exact that any one skilled in the science to which it appertains can, by using the means he specifies, without any addition to or subtraction from them, produce precisely the result he describes. And if this cannot be done by the means he describes, the patent is void; and if it can be done, then the patent confers on him the exclusive right to use the means he specifies to produce the result or effect he describes, and nothing more." The rule thus announced by the United States supreme court more than 30 years ago, remains the rule to-day, and has been followed by that court in all cases where the same question has come before it. *Burr* v. *Duryee*, 1 Wall. 531, affirmed in *Case* v. *Brown*, 2 Wall. 230; *Fuller* v. *Yentzer*, 94 U. S. 299; *Corning* v. *Burden*, 15 How. 252. Presuming for the purpose of this argument that the complainant, Spencer, was the first to conceive the idea of utilizing the tractile power of a locomotive for hoisting fuel and discharging it into the tender, it does not necessarily follow that such method of loading the tender amounts to a patentable invention, or to anything more than the discovery of a new use of a well-known machine. And if it is shown by the state of the art that the tractile power of the locomotive has before been utilized for analogous purposes, and that substantially the same method and means for loading and unloading with other well-known powers were before known, the mere fact that such old method and means could be employed for loading a tender would not be a patentable invention. In *Railroad Co.* v. *Truck Co.*, 110 U. S. 490–498, 4 Sup. Ct. Rep. 220, GRAY, J., says: "Whoever discovers that a certain useful result will be produced in any art, machine, manufacture, or composition of matter, by the use of certain means, is entitled to a patent for it, provided he specifies the means he uses in a manner so full and exact that any one skilled in the science to which it appertains can, by using the means he specifies, without any addition to or subtraction from them, produce precisely the result he describes. And if this cannot be done by the means he describes the patent is void." *O'Reilly* v. *Morse*, 15 How. 62. "Utility is absent from all processes and devices which cannot be used to perform their specified functions, and patents for such subjects are therefore void." *Bliss* v. *Brooklyn*, 10 Blatchf. 522; 6 Fish. Pat. Cas. 289; *Rowe* v. *Blanchard*, 18 Wis. 465. "The patent is void if the machine will not answer the purpose for which it was intended without some addition, adjustment, or alteration which the mechanic who is to construct it must introduce of his own invention, and which had not been invented or discovered by the patentee at the time his patent was issued." *Burrall* v. *Jewett*, 2 Paige, 143. What is essential to Spencer's apparatus is non-essential to Collin's, and what makes the latter valuable is not shown or described in the Spencer patent, "It is no infringement of a patent for a combination which is in itself impracticable and worthless to add to the combination an element which renders it useful and valuable." *Robertson* v. *Hill*, 4 O. G. 132.

PER CURIAM. The first claim (which alone is involved) must be construed as for the particular means devised and shown, to perform the work specified therein; not as a broad claim for a method of accomplish-

·ing the result. In this view the claim is valid. There is no sufficient evidence to justify the charge of non-utility, anticipation, or want of invention. The devise used by the respondent is substantially identical with the complainant's, to the extent covered by this claim. A decree must therefore go against him for an account.